**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Mothershed, | ) No. CV 04-2594-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Jerome K. Elwell; et al., | ) |
| Defendants. | ) |

Pending before this Court are the Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment Order (doc. 40), and the Defendants' Motion to Strike (doc. 42) or in the Alternative Motion for Direction (doc. 42).

I. INTRODUCTION

**NOT FOR PUBLICATION**. The Plaintiff, George Mothershed, filed this action *pro se* on November 18, 2004. All claims in the case arise from, or relate to, a probate case pending in the Maricopa County Superior Court concerning the administration of the trust of Caldwell C. Mothershed, deceased, of which Plaintiff is or was the Trustee. The Defendants in this case consist of a Judge, two Commissioners, and two attorneys who participated in the superior court case.

On November 27, 2004, the Plaintiff filed a motion for injunctive relief asking this Court to stay the pending state court litigation and conduct a review of several interlocutory orders entered by various state court judges. The Court held a hearing on the motion on

December 20, 2004. At the hearing the Court denied the Plaintiff's request for injunctive relief.

In December of 2004, the Defendants filed various motions to dismiss and a request for sanctions. The motions to dismiss were based on, among other things, allegations of lack of subject matter jurisdiction and judicial immunity. The request for sanctions asked for both monetary relief and injunctive relief against the Plaintiff and was based on the Plaintiff's history of filing, or removing to Federal District Court, multiple actions in an attempt to re-litigate the merits of state court rulings that were adverse to the Plaintiff.

The arguments made in the Plaintiff's Response to the Defendants' motions to dismiss overlapped with the arguments he made in his request for injunctive relief. For example, the Plaintiff argued that the Defendants were not entitled to immunity because the superior court lacked jurisdiction over the Plaintiff because he was not properly served. The Plaintiff had already unsuccessfully filed motions in state court with respect to these issues. However, the Plaintiff argued that this Court should find that the state court's rulings regarding service of process and personal jurisdiction were erroneous.

On June 7, 2005, the Court issued an Order clarifying its decision with respect to the denial of the motion for temporary restraining order, granting the Defendants' motions to dismiss, granting in part and denying in part the Defendants' request for sanctions, terminating the case, and Ordering that the Plaintiff "shall not file in federal court any new action or any motion of any kind in an existing or previously existing action that in any way relates to or arises from Plaintiff's father's trust and/or its administration unless Plaintiff obtains counsel who will file such pleadings on his behalf."

On June 17, 2005, the Plaintiff filed, *pro se*, a Rule 59(e) Motion to Alter Judgment or Amend Judgment Order and Request for Oral Argument. The Plaintiff's motion sets forth numerous arguments, many of which were already raised during the Plaintiff's request for preliminary injunction and/or his opposition to the Defendants' motions to dismiss.

On June 22, 2005, the Defendants filed a Motion to Strike, or in the alternative, Motion for Direction. The Defendants argue that the Court should construe the Plaintiff's Motion as

1  a Motion to Reconsider rather than a Motion to Alter Judgment. The Defendants ask the Court
2  to strike the Plaintiff's 59(e) Motion because it was filed without legal counsel, or in the
3  alternative, to Order a briefing schedule so that the Defendants may respond.[1]

4  On September 28, 2005, the Court set Oral Argument on the Plaintiff's Motion to Alter
5  Judgment and the Defendants' Motion to Strike.

6  II.   LEGAL ANALYSIS AND CONCLUSION

7  As a preliminary matter, the Court will address the Plaintiff's Request for Oral
8  Argument and the Defendants' request for supplemental briefing in this case.  The Court set
9  this case for Oral Argument on January 17, 2006, at 11:00 a.m.  However, having further
10 reviewed the pleadings, the Court finds that the facts and law are clear, and neither a hearing
11 or additional briefing from the parties would be helpful to this Court's decision.  Accordingly,
12 Oral Argument is hereby VACATED.

13 The Plaintiff is asking the Court to reconsider its ruling and amend its judgment
14 pursuant to Fed. R. Civ. P. 59.  In order to obtain the relief sought, the Plaintiff must provide
15 (1) a valid reason why the Court should reconsider its prior decision, and (2) facts or law of
16 a strongly convincing nature to induce the Court to reverse all or part of its prior decision.
17 *See, e.g., Garber v. Embry-Riddle Aeronautical Univ.,* 259 F.Supp.2d 979, 981 (D. Ariz.
18 2003).  Reconsideration is only appropriate if: (1) the court is presented with newly
19 discovered, previously unavailable, evidence; (2) the court committed a clear error of law and
20 the initial decision was manifestly unjust; or (3) there has been an intervening change in
21 controlling law.  *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.,* 5 F.3d 1255,
22 1262 (9th Cir. 1993);*United States ex rel Conveyor Rental & Sales Co. v. Aetna Casualty and*
23 *Surety Co.,* 1991 WL 495733, *1 (D. Ariz. 1991).  Such a motion may not be used to re-
24 litigate old matters or to raise arguments or present evidence that could have been raised prior

25

26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27 [1] Defendants provided a brief statement alerting the Court that they are not responding
   to the merits of the Plaintiff's Rule 59(e) Motion because the Local Rules do not permit a
28 response to a motion for reconsideration unless ordered by the Court.

to entry of judgment. *See, e.g., Fed. Deposit Ins. Agency v. World Univ.,* 978 F.2d 10, 16 (1st Cir. 1992); *accord Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).

The Plaintiff does not allege that the controlling law has changed since this Court rendered its June 7, 2005 Order. Rather, he argues that the Court erred in its interpretation of both the law and the facts of this case, and that justice demands a different result.

With respect to the Court's ruling concerning the Plaintiff's request for injunctive relief, the Plaintiff argues that the Court misapplied the law because the *Rooker-Feldman* doctrine is inapplicable where ongoing state and federal proceedings are being conducted concurrently. The Plaintiff also argues that *Rooker-Feldman* is inapplicable because the Plaintiff was not a named party to the state proceedings.

The Plaintiff misconstrues the Court's Order. The Court found that jurisdiction would **not** be barred by *Rooker-Feldman* because the state court proceedings had not yet reached final judgment. However, the Court also found that the relief sought by the Plaintiff (to stay the state court litigation and conduct a review of interlocutory orders entered by various state court judges) was so inextricably intertwined with the state court proceedings that this Court was, according to the standard articulated in *Exxon*, without jurisdiction to grant the requested relief. Additionally, the Court held that the relief sought was also precluded by the *Younger* abstention doctrine. The Plaintiff has not presented any facts or law to indicate that this Court is clearly erroneous or for any other reason should revisit these holdings.

With respect to the Court's ruling on the Defendants' respective motions to dismiss, the Plaintiff's remaining arguments, although somewhat cryptic, can be briefly summarized as follows: (1) the *Younger* abstention doctrine should not be applied in this case because the Plaintiff was ordered by the state probate court not to raise certain claims, therefore, the Plaintiff should be able to raise them in this forum; (2) the state probate court did not have subject matter jurisdiction to enter any of its rulings, therefore, the Defendants in this case are not entitled to immunity; (3) justice requires relief in this case because the parties to the state court probate proceedings failed to name him as a real party at interest, and/or used a fictitious name in the state court petition, thereby depriving the probate court of jurisdiction and

- 4 -

1 denying the Plaintiff access to the litigation; (4) this Court's dismissal of the Plaintiff's claims 2 is "manifestly unjust" because the state court probate defendants are unable to name the 3 Plaintiff as a defendant in that case because applicable statute of limitations has run; (5) the 4 sanctions imposed by this Court are unwarranted because there is no bad faith and the 5 Defendants failed to comply with the "Safe Harbor" provision of Rule 11; and (6) the 6 Plaintiff's Complaint states a claim for relief under Rule 12(b)(6).

7 While a few of these arguments are new, most have been addressed by the Court when 8 it entered Orders pertaining to the Plaintiff's request for injunctive relief and the Defendants' 9 various motions to dismiss.  The Court must ignore any newly alleged "facts" raised on 10 reconsideration. *See Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 308-09 (W.D. Wash. 11 1987); *Refrigeration Sales Co. v Mitchell Jackson, Inc.,* 605 F.Supp. 6, 8 (N.D. Ill. 1983). 12 The Plaintiff may not use reconsideration as a means to present arguments that could, and 13 should, have been made before the Court issued its rulings. *Fed. Deposit Ins. Agency,* 978 14 F.2d at 16.  A motion for reconsideration is not a vehicle to make arguments or present 15 evidence which should have been raised before. *Database America, Inc. v. Bellsouth Adver.* 16 *& Pub'g Corp.,* 825 F.Supp. 1216, 1220 (D. N.J. 1993).

17 Similarly, the Plaintiff is not entitled to reconsideration of the arguments that he 18 already raised before this Court entered judgment. *Backlund,* 778 F.2d at 1388. Rule 59(e) 19 motions cannot be used to ask the Court "to rethink what the court has already thought 20 through," merely because a plaintiff disagrees with the Court's decision. *Above the Belt, Inc.* 21 *v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983); *See Refrigeration Sales* 22 *Co.* 605 F.Supp. at 8.  Such disagreements should be dealt with in the normal appellate 23 process. *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.,* 825 F.Supp. 1216, 1220 (D. 24 N.J. 1993); *Refrigeration Sales Co.,* 605 F.Supp. at 7.

25 The Court has reviewed its Order and the Plaintiff's motion and finds nothing to 26 compel it to revisit its prior holdings.  The Plaintiff has not presented any newly discovered 27 and previously unavailable evidence.  He has not presented any facts or law that would 28 suggest that the Court committed a clear error of law and the initial decision was manifestly

1 unjust. This case simply does not fall within one of those narrow instances where it is
2 appropriate for the Court to reconsider and alter or amend its' prior Order.

3     The moving party must show more than a disagreement with this Court's decision; a
4 court should not grant a rule 59(e) motion unless there is need to correct a clear error of law
5 or prevent manifest injustice. *Database Am., Inc.* 825 F.Supp. at 1220; *Refrigeration Sales*
6 *Co., Inc.,* 605 F.Supp. at 7. Such is not the case here. The Court finds that the Plaintiff has
7 failed to set forth sufficient grounds to cause the Court to reconsider, alter, or amend its June
8 07, 2005, Order.

9     Accordingly,

10     **IT IS ORDERED VACATING** the hearing set for January 17, 2006, at 11:00 a.m.

11     **IT IS FURTHER ORDERED DENYING** the Plaintiff's Rule 59(e) Motion to Alter
12 or Amend Judgment (doc. 41).

13     **IT IS FURTHER ORDERED DENYING AS MOOT** the Defendants' Motion to
14 Strike and alternative Motion for Direction (docs. 42).

15     DATED this 12th day of January, 2006.

_____
James A. Teilborg
United States District Judge